1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM HOUSTON,                              No.  2:20-cv-1051 KJM DB P

12                    Plaintiff,

13           v.                                     ORDER AND FINDINGS AND
                                                    RECOMMENDATIONS
14    NGAI, et al.,

15                    Defendants.

16

17           Plaintiff is a former state prisoner proceeding in forma pauperis with a civil rights action

18    pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendants failed to adequately respond to his

19    mental health issues in violation of the Eighth Amendment.  Presently before the court is

20    plaintiff's motion to appoint counsel (ECF No. 38) and his motion for stay and settlement

21    conference (ECF No. 39).

22    I.     **Background**

23           On October 1, 2021, defendants filed a motion to compel and for sanctions because

24    plaintiff failed to appear for his deposition.  (ECF No. 34.)  Defendants previously sought and

25    obtained an extension of time to take plaintiff's deposition because they had difficulty contacting

26    him following his release from custody.  However, plaintiff's most recent notice of change of

27    address and the instant motion indicates that he is currently incarcerated at the Sacramento

28    County Main Jail.  (ECF Nos. 38, 39.)

1

1    Plaintiff has not responded to defendants' motion to compel and for sanctions (ECF No.

2    34) or the court's order directing plaintiff to respond to defendants' motion (ECF No. 35).  In

3    light of plaintiff's pro se status and his indication that he has not received recent orders (ECF No.

4    38), the court will grant plaintiff one final opportunity to file a response to defendants' motion.

5    Additionally, the court will instruct defendants to send a copy of their motion to compel and for

6    sanctions at his updated address.

7    **II.      Motion to Appoint Counsel**

8    Plaintiff has requested the appointment of counsel.  (ECF No. 38.)  In support of his

9    motion plaintiff states that because restrictions related to the COVID-19 pandemic he cannot go

10   to the law library and does not have access to legal materials.  (Id.)

11   The United States Supreme Court has ruled that district courts lack authority to require

12   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

13   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

14   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

15   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

16   The test for exceptional circumstances requires the court to evaluate the plaintiff's

17   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

18   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

19   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

20   common to most prisoners, such as lack of legal education and limited law library access, do not

21   establish exceptional circumstances that would warrant a request for voluntary assistance of

22   counsel.

23   In the present case, the court does not find the required exceptional circumstances.

24   Plaintiff's lack of access to the law library and legal materials is nothing more than circumstances

25   common to most inmates.  Therefore, the court will deny the motion to appoint counsel without

26   prejudice.  Plaintiff may seek additional time to the extent he is unable to access the law library

27   due to pandemic related restrictions.

28   ////

1    **III.    Motion for Stay and Settlement Conference**

2            Plaintiff has requested a stay of this action.  (ECF No. 39.)  The United States Supreme

3    Court has clearly indicated that "the power to stay proceedings is incidental to the power inherent

4    in every court to control the disposition of causes on its docket with economy of time and effort

5    for itself, for counsel, and for litigants. How this can best be done calls for the exercise of

6    judgment, which must weigh competing interest and maintain an even balance." Landis v. North

7    American Co., 299 U.S. 248, 254-55 (1936).  In this regard, "the proponent of the stay bears the

8    burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

9            Plaintiff's motion does not indicate why a stay of this action is necessary.  Because

10   plaintiff has not provided any arguments in support of the stay, the court finds he has not met his

11   burden for establishing a stay is necessary.  Accordingly, the court will recommend that

12   plaintiff's motion for stay be denied.

13           Plaintiff's filing also requests that the court schedule a settlement conference.  (Id.)

14   Defendants previously moved to opt out of the Court's post-screening ADR (Alternative Dispute

15   Resolution) project.  (ECF No. 19.)  There is nothing to indicate that defendants' position on

16   settlement has changed since that time.  However, in the event defendants express a willingness to

17   participate in a settlement conference the court will consider setting a settlement conference in

18   this action.

19   **IV.    Conclusion**

20           For the reasons set forth above, IT IS HEREBY ORDERED that:

21           1.  Within fourteen days of the date of this order defendants shall file and serve a copy of

22   their motion to compel and for sanctions (ECF No. 34) on plaintiff at his updated address.

23           2.  Plaintiff shall file a response to defendants' motion to compel and for sanctions within

24   thirty days of the date of service of defendants' motion.

25           3.  Plaintiff's motion to appoint counsel (ECF No. 38) is denied without prejudice.

26   ////

27   ////

28   ////

1    IT IS HEREBY RECOMMENDED that plaintiff's motion for stay and settlement

2  conference (ECF No. 39) be denied.

3    These findings and recommendations will be submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  The document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

8  objections shall be filed and served within seven days after service of the objections.  The parties

9  are advised that failure to file objections within the specified time may result in waiver of the

10 right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

11 Dated:  February 4, 2022

12

13

14                                               DEBORAH BARNES
                                                UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21
   DB:12
22 DB/DB Prisoner Inbox/Civil.Rights/R/hous1051.var

23

24

25

26

27

28
                                               4