1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM HOUSTON,                          No.  2:20-cv-1051 KJM DB P

12                    Plaintiff,

13          v.                                 ORDER

14   NGAI, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding in forma pauperis with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Plaintiff claims that defendants failed to adequately respond to his mental

19   health issues in violation of the Eighth Amendment.  Presently before the court is defendants'

20   motion to compel and for sanctions.  (ECF No. 34.)[1]  For the reasons set forth below, the court

21   will grant the motion to compel, deny the request to impose sanctions, and direct defendants to

22   reschedule and re-notice the deposition.

23   ////

24   ////

25   _____

26   [1] By order dated February 7, 2022, defendants were directed to reserve their motion to compel
     and for sanctions on plaintiff.  (ECF No. 40.)  However, it appears in addition to sending the
27   motion to plaintiff, the motion was also refiled on the docket.  Review of the filings indicate the
     two motions are identical save for the additional proofs of service.  (ECF No. 41 at 4, 7.)  The
28   court will treat the refiled motion (ECF No. 41), as a duplicate filing.

                                                 1

**DEFENDANTS' MOTION**

Defendants move for an order compelling plaintiff's attendance at a deposition and requesting the court impose monetary, or alternatively, terminating sanctions.  (ECF No. 34.)  Defendants state they made multiple attempts to contact plaintiff to schedule a deposition.  However, plaintiff never responded and failed to attend the duly noticed deposition.  (ECF No. 34 at 1.)

**I.      Background**

Plaintiff filed a notice of change of address dated April 14, 2021, stating he had been released from custody.  (ECF No. 26.)  Plaintiff's notice of change of address did not include a telephone number or email address.

On July 29, 2021, counsel for defendants wrote a letter to plaintiff stating that he wished to schedule plaintiff's deposition.  (ECF No. 34 at 2.)  The letter was mailed to the address plaintiff provided.  Defendants did not receive a response.

On September 10, 2021, defendants mailed a deposition notice to the address stating the deposition was set for September 24, 2021, at 10:00 a.m.  (Id.)  The notice also advised plaintiff the deposition was set to take place by videoconference in light of the ongoing COVID-19 pandemic.  Defendants did not receive a response and the notice was not returned as undeliverable.  (Id.)  On September 14, 2021, counsel for defendants also sent plaintiff information on how to connect to the videoconference.  Plaintiff did not respond to this letter, and it was not returned as undeliverable.  (Id. at 2-3.)

Defense counsel along with a court reporter attended the September 24, 2021, deposition.  (Id. at 3.)  They waited until approximately 10:35 a.m., but plaintiff did not appear.  Thereafter, defendants filed in the instant motion to compel and request for sanctions.

**II.      Argument**

Defendants state Federal Rule of Civil Procedure 30 permits the use of depositions to conduct discovery.  (ECF No. 34 at 3.)  Defendants further argue that the notice was timely served, the notice was sent plaintiff's address of record, they made several attempts to meet and

////

2

confer with plaintiff to schedule the deposition, and none of the correspondence was returned as undeliverable.  (Id. at 3-4.)

Defendants claim plaintiff's failure to appear for the properly noticed deposition was without justification.  Thus, they allege, they are entitled to an order compelling plaintiff to attend a deposition and monetary sanctions for the costs associated with the initial unsuccessful attempt to depose plaintiff and the necessity of bringing the motion to compel.  (Id. at 4.)  Alternatively, defendants argue the court should impose terminating sanctions because plaintiff is unlikely to be able to pay monetary sanctions given his in forma pauperis status.  (Id. at 8.)

## PLAINTIFF'S RESPONSE

Plaintiff initially failed to respond to defendants' motion to compel and for sanctions. Plaintiff was ordered to file a response.  (ECF No. 35.)  Plaintiff's filings in response stated that he had been returned to custody and indicated that he had not received a copy of defendants' motion to compel and for sanctions.  (ECF Nos. 38, 39.)  The court directed defendants to reserve a copy of the motion on plaintiff at his new address.  (ECF No. 40.)

After defendants reserved the motion, plaintiff filed a response.  (ECF No. 42.)  Therein, plaintiff states he has been held in jail since August 8, 2022, and did not receive notice for the September 24, 2021, deposition.  (Id. at 1.)  Plaintiff requests that defendants re-set and re-notice the deposition.

## DISCUSSION

### I.      Motion to Compel

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Federal Rule of Civil Procedure 37 provides that "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation

////

3

under Federal Rule of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Defendants have the right to take plaintiff's deposition under the Federal Rules.  See Fed. R. Civ. P. 30(a).  Additionally, the discovery and scheduling order provided that defendants could depose plaintiff provided that at least fourteen days before such deposition, they served plaintiff with the notice required by Federal Rule of Civil Procedure 30(b)(1).  (ECF No. 22 at 5 ¶ 4.) Further, the court may order a party to attend a deposition.  Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1222 (9th Cir. 2018) (citing Fed. R. Civ. P. 30).

Plaintiff is required to cooperate in discovery, which includes sitting for a deposition. Should he fail to participate in a properly noticed deposition, he may be subject to sanctions, including, but not limited to, a recommendation that this action be dismissed.  Fed. R. Civ. P. 37(b)(2)(A).  Thus, defendants' motion to compel plaintiff's attendance at a deposition will be granted.  However, given plaintiff's statement that he did not receive notice of the deposition, defendants will be directed to reschedule and re-notice a deposition.  Aubert v. Madruga, No. 1:13-cv-01659 GSA PC, 2015 WL 4507487, at *3 (E.D. Cal. July 24, 2015) (granting motion to compel and directing defendants to reschedule plaintiff's deposition after plaintiff failed to appear at a properly noticed deposition).

## II.      Request for Sanctions

Defendants have also requested that the court impose sanctions based on plaintiff's failure to appear at the September 24, 2021, deposition.  (ECF No. 34-1.)  Defendants request monetary sanctions in the amount of $2,200 for the costs associated with the initial attempt to depose plaintiff and necessity of bringing the motion.  (Id. at 4.)  In the alternative they seek terminating sanctions.  (Id. at 7.)

Rule 37(d) provides that if a party fails to appear at a duly noticed deposition, the court may order sanctions.  Fed. R. Civ. P. 37(d)(3); Lew v. Kona Hospital, 754 F.2d 1420, 1426 (9th Cir. 1985); Sali, 884 F.3d 1222.  However, courts frequently refuse to impose monetary sanctions on indigent parties.  Hammler v. Franklin, No. 2:18-cv-5525 JGB (SP), 2021 WL 5238579 at *4 (C.D. Cal. Sept. 9, 2021) (citing Davis v. Morris, 2014 WL 1364895 at *3 (C.D. Cal. Apr. 4,

4

1   2014); <u>Thomas v. Gerber Productions</u>, 703 F.2d 353, 357 (9th Cir. 1983)); <u>see also</u> <u>Lucero v.</u>

2   <u>Pennella</u>, No. 1:18-cv-01448 NONE SAB, 2020 WL 4059552 at *4 (E.D. Cal. July 20, 2020)

3   (declining to impose monetary sanctions for failure to appear for a deposition in light of

4   plaintiff's pro se and previously incarcerated status); <u>Leonard v. Kaur</u>, No. 2:19-cv-2271 DMC P,

5   2021 WL 242739 at *2 (E.D. Cal. Jan, 25, 2021) (declining to order sanctions or expenses given

6   plaintiff's status as a prisoner proceeding in forma pauperis).

7           Because plaintiff is incarcerated and proceeding in forma pauperis, the court will deny

8   defendants request for sanctions.  However, plaintiff is advised that further failure to comply with

9   discovery or to appear for a properly noticed deposition may result in sanctions.  Sanctions may

10  include dismissal of plaintiff's case.  Fed. R. Civ. P. 37(b)(2)(A)(v).  Additionally, Local Rule

11  183(b) requires individuals appearing in propria persona, such as plaintiff, are required to "keep

12  the Court and opposing parties advised as to her or her current address."

13                                         **SCHEDULING**

14          After filing their motion to compel, Defendants moved for an order vacating the deadlines

15  in the courts March 23, 2021, discovery and scheduling order.  (ECF No. 36.)  By order dated

16  December 21, 2021, the court granted the motion and indicated new dates would be scheduled

17  following resolution of the motion to compel and for sanctions.  (ECF No. 37.)  Because the court

18  has resolved the motion to compel, it will set new deadlines for completing discovery and pretrial

19  motions by separate order.

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

1

**CONCLUSION**

2
     Accordingly, IT IS HEREBY ORDERED that:

3
     1.  Defendants' motions to compel (ECF No. 34; ECF No. 41) are granted;

4
     2.  Defendants' request for sanctions is denied; and

5
     3.  Within forty-five days of the date of this order defendants shall reschedule and re-

6
notice plaintiff's deposition.

7
Dated:  March 31, 2022

8

9

10
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18
DB:12
DB/DB Prisoner Inbox/Civil.Rights/S/hous1051.mtc + sanct

19

20

21

22

23

24

25

26

27

28