UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOUSTON,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>NGAI, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-1051 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants failed to adequately respond to his mental health issues in violation of the Eighth Amendment. Presently before the court is defendants' motion to modify the discovery and scheduling order ("DSO") (ECF No. 46) and plaintiff's request for sanctions, stay, and settlement conference (ECF No. 45).

**I.    Plaintiff's Request for Sanctions, Stay, and Settlement Conference**

Plaintiff filed a one-page document requesting that the case be stayed and scheduled for a settlement conference. (ECF No. 45.) Plaintiff requests a stay and settlement conference because the deposition was not conducted on June 1, 2022.

**　　　A. Sanctions**

Federal courts possess broad powers to impose sanctions against parties or counsel for improper conduct during litigation. The court derives the power to impose sanctions on parties or

1

their counsel from three sources, (1) Federal Rule of Civil Procedure 11, (2) 28 U.S.C. § 1927,[1] and (3) the court's inherent power. Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

It appears that plaintiff's request for sanctions is based on defendants' failure to comply with the deadline for taking plaintiff's deposition set forth in the court's April 1, 2022, order (ECF No. 43). In order to impose sanctions pursuant to its inherent power, "the court must make an express finding that the sanctioned party's behavior 'constituted or was tantamount to bad faith.'" Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006). Defendants' motion to modify the DSO indicates that they were unable to conduct the deposition because of scheduling issues exacerbated by concerns related to the potential risk of COVID-19 exposure. (ECF No. 46.) Plaintiff has not presented any information that would indicate defendants' failure to timely conduct plaintiff's deposition was due to bad faith. Accordingly, the court will deny plaintiff's request for sanctions.

### B. Stay

The United States Supreme Court has clearly indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interest and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). In this regard, "the proponent of the stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997). Because plaintiff has not offered any explanation to support his request for stay, the court will deny the request without prejudice.

### C. Settlement Conference

Plaintiff has not provided any explanation in support of his request that the court order the parties to participate in a settlement conference. Defendants have not indicated a willingness to participate in a settlement conference at this time. Accordingly, plaintiff's request for a settlement conference will be denied.

---

[1] This section is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings which his not applicable here.

## II.   Defendants' Motion to Modify the DSO

Defendants state that plaintiff's deposition was scheduled to be taken in-person on June 1, 2022. (ECF No. 46-1 at 2.) However, when they could not locate a court reporter willing to appear in person at the Sacramento County Jail, the deposition was cancelled. Because defendants could not locate a court reporter willing to risk potential COVID-19 exposure, the Sacramento County Jail made arrangements to accommodate a deposition by videoconference. The deposition was tentatively rescheduled for the earliest date available, June 28, 2022. (Id. at 2-3.) Good cause appearing, the court will grant defendants' motion to modify the DSO.

## III.   Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions, stay, and settlement conference (ECF No. 45) is denied without prejudice.

2. Defendants' motion to modify the DSO (ECF No. 46) is granted.

3. Defendants shall notice plaintiff's deposition no later than July 14, 2022.

Dated:  June 28, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1Orders/Prisoner/Civil.Rights/hous1051.mod.dso(2)